Appeal of **THE CLENDENING CO.**          Docket No. 659.

A taxpayer may not change the basis of reporting income without complying with the regulations prescribed by the Commissioner pursuant to statutory authority.

Submitted January 27, 1925; decided February 26, 1925.

*William R. Brinkerhoff, Esq.*, for the taxpayer.
*George K. Bowden, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before JAMES, STERNHAGEN, TRAMMELL, and TRUSSELL.

The deficiency in income and profits taxes on which this appeal is based arises from the method used by the Commissioner in determining the tax liability of the taxpayer for the fiscal year ended July 31, 1921. The tax liability for the years 1918 to 1921 having been determined together, a net deficiency resulted from which this appeal is taken. The taxpayer changed its basis of reporting its income in 1920, without the approval of the Commissioner, to a calendar year basis and reported its income on that basis. The Commissioner computed the income on the fiscal year basis.

#### FINDINGS OF FACT.

The Clendening Co., for the years prior to 1918, was on a calendar year basis. In 1918 it changed its basis of accounting from a calendar year to a fiscal year ended July 31. For the calendar year 1918 it balanced and closed its books on July 31. Thereafter and until August 1, 1920, it kept its accounts on the fiscal year basis, balancing and closing its books each year on July 31. On December 31, 1920, it again closed its books. Thereafter it continued to keep its books on a calendar year basis. Inventories were taken at the end of July of each year when the taxpayer kept its accounts on a fiscal year basis.

The Commissioner computed the taxpayer's income on a fiscal year basis ended July 31, 1918, 1919, 1920, and 1921. For the fiscal year ended July 31, 1921, the Commissioner computed the income of the taxpayer by taking the income as shown by its books for the period from August 1, 1920, to December 31, 1920, and adding seven-twelfths of the income shown by the taxpayer's books for the calendar year 1921. The taxpayer filed its returns on the calendar year basis for the taxable years 1918 to 1921, inclusive.

#### DECISION.

The determination by the Commissioner of a deficiency in the amount of $873.35 for 1921 and an overassessment for the year 1919 in the amount of $214.34, is approved.

TRAMMELL: The questions presented are whether the Commissioner may compel this taxpayer to pay its income and profits taxes for the period from August 1, 1918, to July 31, 1920, on a fiscal year basis ended July 31 of each year, and whether the Commissioner may compute the income of the taxpayer, for income and profits tax purposes, for the period from August 1, 1920, to July 31, 1921, by taking the income as shown by the books of the taxpayer from August 1, 1920, to December 31, 1920, and adding to that amount seven-twelfths of the taxpayer's income for the calendar year 1921 as shown by the taxpayer's books.

Section 212 (b) of the Revenue Act of 1918 provides:

The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made upon such basis and in such manner as in the opinion of the Commissioner does clearly reflect the income. If the taxpayer's annual accounting period is other than a fiscal year as defined in section 200 or if the taxpayer has no annual accounting period or does not keep books, the net income shall be computed on the basis of the calendar year.

If a taxpayer changes his accounting period from fiscal year to calendar year, from calendar year to fiscal year, or from one fiscal year to another, the net income shall, with the approval of the Commissioner, be computed on the basis of such new accounting period, subject to the provisions of section 226.

Section 212 (b) of the Revenue Act of 1921 is substantially the same.

The above section of the Act requires that the net income of a taxpayer *shall* be computed upon the basis of the taxpayer's annual accounting period, in accordance with the method of accounting regularly employed in keeping its books. The only qualifications of this mandatory provision are:

(1) If the method of accounting does not clearly reflect the income, the Commissioner may compute the income upon a basis that will clearly reflect it; (2) if the taxpayer changes its accounting period from a calendar year to a fiscal year basis, or vice versa, the net income shall, with the approval of the Commissioner, be computed upon the new or changed basis.

The taxpayer had established a fiscal year basis for the years 1918 and 1919 and for those years it has not been shown that the method of accounting does not clearly reflect the income. The action of the Commissioner, therefore, in computing the income for those years upon the fiscal year basis, is in accordance with the statute.

The taxpayer being on a fiscal year basis and not having applied for the approval of the Commissioner to change therefrom as required by the regulations, under the provisions of section 212 (b) of the Revenue Act of 1921, the tax must be computed upon that basis.

Since the taxpayer did not close its books or take inventory for 1921 on July 31, as it did for 1919 and 1920, the Commissioner arrived at the income subject to tax for that fiscal period by adding to the income for the period from August, 1920, to December, 1920, the proportion of the income for the entire year 1921 which the

number of months in the fiscal period ended in that year bore to the entire calendar year; that is, to the income for the five months' period in 1920 there was added seven-twelfths of the income for 1921.

It is the opinion of the Board that the action of the Commissioner in that respect is correct.