APPEAL OF VIRGINIA LUMBER & BOX CO.

Docket No. 3546.   Submitted July 15, 1925.   Decided January 16, 1926.

In 1919 taxpayer changed its annual accounting period from a fiscal year ending November 30 to one ending October 31, and filed a return for the 11-month period commencing December 1, 1918, and ending October 31, 1919. The Commissioner denied that he had approved the computation of the net income upon the basis of the new accounting period. *Held*, that the net loss for

the 12-month period ending November 30, 1919, should be applied against the net income for the taxable year ending November 30, 1918, and any excess thereof applied against the net income for the year 1920.

*J. M. Cumming, C. P. A.,* for the taxpayer.
*Willis D. Nance, Esq.,* for the Commissioner.

Before JAMES, LITTLETON, and SMITH.

This is an appeal from the determination of a deficiency in income and profits tax for the fiscal year ended November 30, 1918, in the amount of $4,160.19.

### FINDINGS OF FACT.

Taxpayer is a Virginia corporation with its principal office at Petersburg. Prior to 1919 its accounting records were maintained on the basis of an annual accounting period ending November 30. The return for the year 1918 was filed on such a basis.

In 1919, without first obtaining the permission of the Commissioner to do so, taxpayer changed its annual accounting period to one ending October 31. It filed a return for the 11-month period commencing December 1, 1918, and ending October 31, 1919, in which it showed a net loss.

For the 11-month period ended October 31, 1919, the taxpayer sustained a net loss of $20,085.76, and for 12-month period ended November 30, 1919, a net loss of $19,265.97.

In computing the tax liability for the fiscal year 1918, the Commissioner did not deduct from the net income of that year the loss sustained during the 11-month period ended October 31, 1919, or the loss sustained during the 12-month period ended November 30, 1919.

### DECISION.

The deficiency should be computed in accordance with the following opinion. Final determination will be settled on 10 days' notice in accordance with Rule 50.

### OPINION.

LITTLETON: In its petition taxpayer alleges error on the part of the Commissioner in failing to deduct either the net loss for the 11-month period ended October 31, 1919, or, as an alternative, that of the 12-month period ended November 30, 1919, from the net income of the fiscal year under consideration and with respect to which the Commissioner has determined a deficiency.

One of the alleged facts upon which taxpayer relies in support of its allegation of error is that, in the month of July, 1919, it requested

permission from the Commissioner to change its accounting period from one ending on November 30 to another ending on October 31, and that such permission was granted. In his answer the Commissioner denies that permission was granted the taxpayer to change its fiscal closing from November 30 to October 31. No evidence was adduced by either party upon this point.

Under the provisions of section 212 (b) of the Revenue Act of 1918, where a taxpayer changes its annual accounting period from one fiscal year to another, the net income must, with the approval of the Commissioner, be computed on the basis of such new accounting period. We interpret that section as requiring the taxpayer to secure the approval of the Commissioner to a computation of its net income upon the basis of the new accounting period as a condition to the filing of a return for that period. *Appeal of The Clendening Co.*, 1 B. T. A. 622.

In this appeal we have no evidence that the Commissioner approved the change in the accounting period. On the other hand, the Commissioner expressly denies that he extended such approval. We are forced, therefore, to conclude that the taxpayer did not, with the approval of the Commissioner, change its accounting period to enable it to make a return for the 11-month period ended October 31, 1919, and that the net loss for the taxable year 1919 must be computed upon the basis of the full 12-month period ended November 30, 1919, such period being the only fiscal year which the taxpayer has established under the provisions of section 212(b).

The taxpayer sustained a net loss of $19,265.97 for the 12-month period ended November 30, 1919, which, under the provisions of section 204 of the Revenue Act of 1918, it is entitled to have deducted from the net income of the fiscal year ended November 30, 1918, and it is entitled to have its tax liability for the latter year redetermined accordingly.

In view of the foregoing we find it unnecessary to pass upon the contention of the Commissioner that the provisions of section 204 (a) of the Revenue Act of 1918 are inapplicable to a period of less than 12 months.