Docket No. 19399. Promulgated February 28, 1931.

*Chase Morsey, Esq.*, for the petitioner.
*T. M. Mather, Esq.*, for the respondent.

OPINION.

TRUSSELL: The petitioner contends in the first issue that the assessment of the proposed deficiencies is barred by the statute of limitations. To the contrary, however, the evidence shows that the petitioner and the respondent, through agreements in writing effected as contemplated in sections 278 (c) of the Revenue Acts of 1924 and 1926, an extension of the periods of limitation and prior to the expiration of the periods agreed upon the respondent determined the deficiencies and mailed the deficiency letter to the petitioner so that the running of the statute of limitations is stayed by this appeal, see sections 274 (a) and 277 (b) of the Revenue Act of 1926.

In the second issue the petitioner claims that its return for a 10-month period ended October 31, 1919, should be accepted and

thereafter a fiscal year ending on October 31, should be regularly recognized. Prior to 1919, the petitioner reported on the calendar year basis. The respondent has computed the tax for 1919 upon the basis of a calendar year and has put the desired change to a fiscal year into effect by a period of 10 months ended October 31, 1920. It appears that the Commissioner never approved the proposed change of accounting period for 1919. The petitioner cites our decision in *Clark Brown Grain Co.*, 18 B. T. A. 937, but that case is not in point, where the Commissioner had repeatedly accepted and recognized the change in accounting period and the taxpayer sought to go back and revise the whole procedure. In disposing of this issue adversely to the contention of the petitioner we followed *Clendening Co.*, 1 B. T. A. 622, and *Virginia Lumber & Box Co.*, 3 B. T. A. 341, wherein we held that a change of accounting period proposed by a taxpayer must have the approval of the Commissioner.

In the third issue the petitioner desires to be allowed to value its accounts receivable in an amount somewhat less than the charges invoices. We are satisfied from the evidence that these discounts effect upon income of discounts which it was understood between the parties would be deductible from the amounts shown upon the invoices. We are satisfied from the evidence that these discounts were not contingent upon cash settlement within some time limit and the issue is not to be confused with those relating to cash dis-- counts. The discounts ranged from 2 per cent to 10 per cent according to different classes of goods. The amounts reserved upon the books and which the petitioner desires to be considered in determining the tax liabilities resulted from summary, average rates applied indiscriminately to the aggregate of the outstanding accounts receivable. We know of no regulation of the Commissioner permitting such a practice with respect to accounts receivable. The proposed method is somewhat analogous to a summary inventorying of accounts receivable. We think there were no insuperable obstacles which prevented a reflection upon the books of any truly net values of sales. However, the actual amounts of the discounts if and when subsequently allowed were reflected in a separate account upon the ledger. The effect of the determination of the respondent has been to allow the deduction of these discounts in the actual amounts and concurrently with their allowance. We think this practice with respect to accounts receivable is preferable for our purposes in this case, and conclude that the revision claimed by the petitioner should not be allowed.

In the fourth issue the petitioner desires to be allowed in computing cost to deduct from the value of its inventory at invoice prices allowances for discounts from the invoice prices. These were not cash discounts dependent upon the contingency of payment, but

were trade discounts uniformly allowable to the petitioner. Their deduction in valuing the inventory is permitted, optionally, in Regulations 45, reading as follows:

ART. 1582. *Valuation of Inventories.*—Inventories must be valued at (a) cost or (b) cost or market, as defined in article 1584 as amended, whichever is lower.

ART. 1583. *Inventories at Cost.*—Cost means:

(1) In the case of merchandise purchased, the invoice price less trade or other discounts, except strictly cash discounts, approximating a fair interest rate, which may be deducted or not at the option of the taxpayer, provided a consistent course is followed.

The question is reduced to the ascertainment of a satisfactory method of accounting for the discount for income tax purposes. The testimony shows that in number the individual items amount to thousands in the inventories of the petitioner, and it is, we think, obvious that an accounting for the exact net cost of every separate item involved a multiplicity of detail which it was not unreasonable to have the petitioner and its accountants view as impossible of practicable accomplishment. After consideration of the testimony we are satisfied that the method adopted by the petitioner in computing the amount of the discounts is substantially accurate and therefore is satisfactory for the purpose of ascertaining cost. The petitioner cites a number of our decisions: *American Lace Manufacturing Co.*, 8 B. T. A. 419; *Buss Co.*, 2 B. T. A. 266; *Sinsheimer Bros., Inc.*, 5 B. T. A. 918; *Boyne City Lumber Co.*, 7 B. T. A. 36; *Higginbotham-Bailey-Logan Co.*, 8 B. T. A. 566; *Leedom & Worrall Co.*, 10 B. T. A. 825; *Holeproof Hosiery Co.*, 11 B. T. A. 547; *Blumberg Bros. Co.*, 12 B. T. A. 1021; *James Edgar Co.*, 16 B. T. A. 120; *J. M. Radford Grocery Co.*, 19 B. T. A. 1023. These are all more or less in point. The deficiencies should be recomputed, giving effect to the allowances for discounts on goods in inventory, as claimed by the petitioner and as deducted in valuing the inventories concerned.

The fifth issue is a contention of the petitioner in the alternative, and relates to an obvious inconsistency on the part of the respondent in computing net income for 1919, in that the inventories at the beginning and end of the year are not valued consistently upon the same basis as of course they should be. Our conclusion in the fourth issue removes this inconsistency.

The remaining, the sixth, issue is a question of the proper method to be followed in computing the amount of the excess-profits credit for the 10-month period of 1920. The respondent has first determined an amount of invested capital properly allowable for a full year and has computed an amount of excess profits credit on a basis of 8 per cent of ten-twelfths of this capital. The petitioner claims

that the computation of 8 per cent should be based upon the entire invested capital allowable for a full year. In support of its contention the petitioner cites *Strong, Hewat & Co.* v. *United States*, 62 Ct. Cls. 67, but that case is not in point, for the reason that the Court there determined a question of construction of the wording of the Revenue Act of 1917 as applied to the wholly different facts of a final return of a dissolved partnership. The Revenue Act of 1918 was not construed. The pertinent provisions of the Revenue Act of 1918 are as follows:

SEC. 326. That the excess-profits credit shall consist of a specific exemption of $3,000 plus an amount equal to 8 per centum of the invested capital for the taxable year.

\*          \*          \*          \*          \*          \*          \*

SEC. 326. (5) (d) The invested capital for any period shall be the average invested capital for such period, but in the case of a corporation making a return for a fractional part of a year it shall  \*  \*  \*  be the same fractional part of such average invested capital.

\*          \*          \*          \*          \*          \*          \*

SEC. 305. That if a tax is computed under this title for a period of less than twelve months, the specific exemption of $3,000, wherever referred to in this title, shall be reduced to an amount which is the same proportion of $3,000 as the number of months in the period is of twelve months.

It is apparent that the respondent has complied exactly with the statute. In recomputing the deficiencies the same method of computation should be followed.

*Judgment will be entered pursuant to Rule 50.*